Gilmore, J.
The plaintiff below (defendant in error) brought an action in replevin against the defendants below *661 (plaintiffs in error) in the Court of Common Pleas. The property described in the petition was replevied by the sheriff, but the plaintiff' having failed to give the statutory undertaking, the property was re-delivered to the defendants, and the action proceeded under section 186 of the code, for damages only.
A general demurrer to the petition was sustained, and the plaintiff, by leave of the court, filed an amendment to it. As amended, the petition states the plaintiff’s cause of action as follows : “ The plaintiff says that he has a special property in, and is entitled to the immediate possession of two elephants formerly known as the Buckley Hippodrome elephants, called ‘Chief’ and ‘Parepa;’ that his special property in said elephants consists in a chattel mortgage of said elephants, made to one Andrew McDonald, to secure the payment of a note of $8,800, which note is now past due, and of which $2,800 is unpaid; that said note and mortgage have been assigned to the plaintiff; that the chattel mortgage was made on the 7th day of December, 1874, by one George M. DeHaven, having a power of attorney from one James D. Torrey; that said James D. Torrey was then the owner of said two elephants, and fully authorized the said DeHaven to make the said mortgage; that the said mortgage was executed in the city of Cincinnati, where the said two elephants then were; that the said James D. Torrey was then a non-resident of the State of Ohio, and the said chattel mortgage was duly filed in the recorder’s office of Hamilton county, on the 7th day of December, 1874; that long before the original petition was filed in this case the condition of said mortgage had been broken by the non-payment of the note it was given to secure ; that the defendants wrongfully detain the two elephants from the plaintiff’s possession,” etc.
The defendants moved the court to strike the petition as amended from the files, on the following ground : ££ The averments therein contained are the same, without any material difference, as those passed upon by the court in this •cause, in determining the demurrer heretofore filed herein.” *662 Counsel, in argument, treat this motion as having the effect, of a general demurrer; and, assuming that the courts below took this view of it, we will so regard it in determining the sufficiency of the amended petition, as neither party will be thereby prejudiced in this instance; but, at the same time, we do not wish to be understood as approving the practice here resorted to, of making a motion to strike from the files subserve the purposes of a general demurrer.
■ The motion was sustained, and the plaintiff not desiring to further amend, the action was dismissed at his costs. On error, the District Court reversed this judgment, and remanded the cause to the Court of Common Pleas.
The plaintiffs in error are asking leave to file a petition in error to reverse the judgment of the District Court.
As has been said, the questions as presented to us are those that would have been raised by a general demurrer to the petition as amended.
From the statements of the petition, it sufficiently appears (1), that the mortgage under which the plaintiff claims was executed in the usual form, and filed in accordance with the requirements of the statute, and, as between the mortgagor and mortgagee, was valid for the purposes intended; (2), that the mortgagee, before the commencement of the action, had assigned both the note and the mortgage securing it to the plaintiff; (3), that the mortgaged property was in the possession of the defendants below in the county in which the mortgage was executed and filed. It does not affirmatively appear by averment that there was any reservation in the mortgage of the right of possession in the mortgagor; but it is averred that before the action was brought the condition of the mortgage had been broken by the non-payment of the note at maturity. It further appears from the file marks on the original petition that the action was commenced within a year from the date and filing of the mortgage. So far, therefore, as the plaintiff’s rights depended upon a compliance with the statute, they are strictly within its provisions. But his rights are to be wrought out through the mortgagee, whose *663 interest in the property mortgaged must be first ascertained. 1. A chattel mortgage in the usual form conveys to the mortgagee the property mortgaged, and he thereby becomes the general owner of it, and in the absence of a reservation of the right of possession in the mortgagor, he is entitled to the immediate possession of it. If there is such a reservation in favor of the mortgagor, such reservation only affects the possession according to the terms of the reservation, the title to the property remaining in the meantime in the mortgagee, who becomes entitled to the immediate possession on breach of the condition.
In this case, it is immaterial whether there was such reservation or not, as it is averred that there was a breach of the condition before the action was brought.
On the facts stated, in the absence of an assignment, the mortgagee would have been entitled to the possession of the property, at the time the action was brought, on the ground that he was the general owner.
2. The effect of assigning the note, and mortgage securing it, by the mortgagee, to the plaintiff, was a transfer by the former of his entire interest in the property mortgaged to the latter, who thereby, prima facie, became entitled to all the rights of the mortgagee under the mortgage, which, as above stated, was that of a general owner, entitled to the immediate possession of the property. In other words, the legal effect of the assignment was the same as if the mortgagee had been in possession of the property mortgaged, and had sold and delivered it.
8. But the plaintiff only claimed, in his petition, to have a “special property” in-the elephants; and counsel for the plaintiffs in error, assuming that he is confined to this claim, and that his rights are thereby limited to those of an owuer of a special interest or property, contends that the petition does not state facts sufficient to entitle the plaintiff to recover on the ground of such special ownership. The second subdivision of section 175 of the code provides that an order for the delivery of property shall issue on the filing of a proper affidavit, showing “ that the plaintiff is the owner of *664 the property, or has a special ownership or interest therein,stating the fact's in relation thereto, and that he is entitled to the immediate possession of the same.” If, from the statements of the petition, it appeared that the plaintiff had only a special ownership or interest in the property replevied, without stating the facts in relation thereto, it is probable that we would concur in the views of counsel for plaintiff in error, and hold that the petition does not state facts sufficient to entitle the plaintiff to recover on the ground of á special ownership or interest; but we have above found, from the facts stated, that the plaintiff is the general owner of the property, and entitled to its immediate possession; and the question now is whether he shall be prejudiced by having, in his petition, erroneously denominated his interest a “ special property.”
Where the facts are fully stated, as they are in the petition in this case, and show that the plaintiff has a good cause of action, as owner of the property, we think he should not be prejudiced by having erroneously denominated the character of his title or ownership.
See analogous remarks of Swan, J., in Hill v. Butler, 6 Ohio. St. 216.
The j udgment of the Court of Common Pleas was properly reversed by the District Court.

Motion overruled.

Welch, C. J., White, Rex, and McIlvaine, JJ., concurred.